EMILY H. KETCHUM, APPELLANT, v. COLUMBIA HARRISON
ET AL., IMPLEADED WITH CHARLES B. MARSH, APPELLEE.

FILED OCTOBER 16, 1901.   No. 10,435.

When the Transcript Is Fatally Defective, the Decree Will Be Affirmed. At the time of confirmation of sale in a mortgage foreclosure proceeding an order was entered giving to a party the right to cultivate, harvest, and remove the crops planted by him on the premises sold, from which the plaintiff, being the purchaser, appeals. No transcript of the pleadings forming the issues in the case or of the findings and decree at the time of the rendition of the decree of foreclosure being preserved in the record presented, we are unable to determine whether the order complained of is within the issues tried and determined, and therefore affirm the same.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J. *Affirmed.*

*Warren Pratt,* for appellant.

*B. O. Hostetler, contra.*

HOLCOMB, J.

At the time of entry of the final order of confirmation of a sale of real estate made in proceedings of foreclosure of a mortgage on the premises sold, the court made the following additional order or decree: "It is further ordered, adjudged and decreed by the court that the defendant Charles B. Marsh, the grantee of the defendants Columbia and Sarah M. Harrison, is to have the right to cultivate, harvest and remove the crops now growing on said land and planted by him."

The plaintiff who purchased the premises at the foreclosure sale appeals from that part of the final order or decree which is quoted. The record upon which we are asked to pass upon the question consists of a transcript of an order of sale issued on the decree of the district court in the action, and the subsequent proceedings had thereunder.

No evidence appears to have been submitted at the time of confirmation of sale and the entry of the order complained of. No transcript of the pleadings forming the issues in the case or of the findings and decree at the time of the rendition of the decree of foreclosure is presented, and whether or not the order complained of is within the issues tried and determined in that action we are unable to say from the record brought to this court, and we are therefore precluded from passing upon the question thus raised and presented.

The right of the party in whose favor the order was made to the use of the land for the crop season mentioned may have been superior to the interest of the mortgagee or the purchaser at the foreclosure sale, and may have been so found and determined in the prior proceedings, and the question thus tried may have been altogether within the issues raised by the pleadings, from all that appears from the record upon which we are asked to decide the correctness of the order excepted to.

For the reasons stated the order and decree is

AFFIRMED.